## Mussetter v. Timmerman.

1. In an action against a former partner to recover one-half the amount of a firm debt paid by plaintiff after the dissolution of the firm, duplicate bills of the goods so paid and of the prices of such goods are admissible in evidence, plaintiff having testified that such bills contained a correct statement of the goods and the prices at which they were bought.

2. Plaintiff sold out his interest in a partnership, the incoming partner agreeing to pay certain debts of the firm. A schedule of such debts was made by plaintiff, which was intended and supposed by plaintiff and his copartner to include all the debts of the firm, but by mistake certain debts were left out, and these plaintiff afterwards paid. In an action against his former partner to recover one-half the amount thus paid, *held*, that plaintiff was not estopped by the fact that he made the schedule and told defendant that it contained all the firm debts.

*Appeal from Superior Court of Denver.*

The facts are stated in the opinion.

Mr. J. H. DENNISON, for appellant.

Messrs. HARMON and COVER, for appellee.

DE FRANCE, C. The plaintiff, Timmerman, who is the appellee in this court, was engaged in the drug business in the city of Denver, and in June, 1882, the defendant, Mussetter, became an equal partner with him in said business. This partnership continued until some time in January, 1883, when the plaintiff sold out his interest therein to a person by the name of Cox. As a part of the purchase price for such interest, Cox agreed in writing with the plaintiff to pay certain debts of the old firm, and a schedule of said debts was attached to and formed a part of said agreement. There seems to have been an understanding between plaintiff and defendant at the time that such schedule was to, and did, include all the debts of said partnership. A mistake was made, however, in this respect, and debts amounting to $285.66 were left out of said schedule. These debts the plaintiff afterwards paid, and then brought this suit to recover one-half the amount thereof. It is alleged that the debts so paid by the plaintiff were contracted by the firm on account of the purchase of certain goods. The defendant denied that such goods had been purchased or received by the firm, and alleged that plaintiff had agreed to pay all debts, if any, not mentioned in said schedule. The plaintiff replied, denying that he had agreed to do so. At the trial, which was to the court, the plaintiff and defendant each testified in his own behalf. In giving in his testimony the plaintiff referred to certain bills of parcels claimed to be duplicates, stating that such bills contained a statement of the goods so purchased and the prices agreed to be paid therefor, and that he had paid for the goods, and at the prices therein named. These bills were offered and admitted in evidence over the defendant's objections, and the ruling of the court in admitting the same is assigned as error. We think this objection is not well taken. The bills were admissible as part of

the plaintiff's testimony.    Whether they were the orig·
inal bills or duplicates could make no difference, pro-
vided they contained a correct list of the goods bought,
and a true statement of the prices at which they were
purchased.    The plaintiff's testimony tended to show
that they did.    The principle of estoppel contended for
does not arise in this case.    Upon the issue made, that
the plaintiff was to pay all debts not mentioned in the
schedule, the court found against the defendant.    The
defendant was not a party to the agreement between Cox
and the plaintiff.    The plaintiff prepared the schedule of
debts which Cox assumed to pay.    It does not appear
that he either wilfully or knowingly left any debts out of
such list.    Nor does it appear that his assertion to de-
fendant, if he made such, that the schedule included all
the debts of the firm, was wilful, or made with intent
to deceive the defendant, or to induce him to act thereon.
Neither does it appear that defendant was prevented an
inspection of such schedule, or that any concealment or
deception was·practiced or resorted to in its preparation.
1 Herm. Estop. § 329.    It is apparent, then, that the mis-
take and consequent loss to both the plaintiff and himself
are due in part to his own negligence.    But the defend-
ant in his testimony says that the new firm of Cox & 
Mussetter was to pay all the debts of the old firm.    That
being true, it is difficult to see how the defendant is in-
jured.    On the presumption that he was an equal part-
ner with Cox in the new firm, he would have had one-
half of these debts to pay, according to his own testi-
mony, if they had been included in the schedule.    The
plaintiff, therefore, is the only person who suffers by
the mistake, and Cox reaps the benefit.

The judgment in this case should be affirmed.

STALLCUP and RISING, CC., concur.

PER CURIAM.    For the reasons assigned in the fore-
going opinion the judgment of the superior court is
affirmed.                                        *Affirmed.*